UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:10CR-108-S

COMMONWEALTH OF KENTUCKY                             RESPONDENT/PLAINTIFF

v.

DAMIEN SENECA HUGHES, SR.                            PETITIONER/DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Petitioner/Defendant Damien Seneca Hughes, Sr.'s *pro se* notice of removal of his Jefferson County criminal state-court proceeding (10-F-008901) to federal court pursuant to 28 U.S.C. § 1446 "due to the failing to do due process policy and procedure." For the reasons set forth below, the Court will dismiss the action and remand the matter to state court.

### I.

As reasons for removal, Hughes states, in its entirety, as follows:

> On 13 August 2010, an unidentified officers in an unmarked motor vehicle with street attire, some with Louisville police t-shirts became violent when ask for proper identification and badge numbers. They claim they had only pulled me over for having expired tags. I was pulled out of vehicle when ask for "officers" identification, thrown against the veridical and handcuffed extremely tight, causing cuts on wrist and injury to both hands. Once officer struck me while I was on the ground in the head while I was still in handcuffs.
>
> When I pleaded for help and justice, I was told to "shut up!" and "your just like the rest of them!" I was falsely accused of injury two officers during the "traffic stop," and I was forced to pay for a warrant that didn't belong to me just to get out of jail (even though the first name on the warrant was clearly different), and was told if it wasn't paid, I would have to spend 10 days in jail.

To the notice, Hughes attaches a copy of his court case, the order releasing him on his own recognizance, and a uniform citation.

## II.

Hughes seeks removal pursuant to 28 U.S.C. § 1446, which provides a procedure for removal of a criminal prosecution. While § 1446 governs the *procedure* for removal, it does not authorize the *substantive* right of removal. Rather, a state defendant may remove his criminal prosecution only as provided in 28 U.S.C. § 1443. This section permits removal of a criminal action by a defendant:

> (1) Against any person who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock,* 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the denial be manifest in a formal expression of state law,

2

such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted).

Even if Hughes could satisfy the first prong, *Rachel*, 384 U.S. at 804 (holding that allegations of a denial of rights under the Civil Rights Act of 1964 satisfied the first prong), his petition wholly fails to satisfy the second prong because he fails to allege a "formal expression of state law," § 1443(1), that prohibits his enforcing his federal rights in state court. As the United States Supreme Court has eloquently and forcefully explained:

> It is not enough to support removal under § 1443 (1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. *The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights.* The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443 (1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Peacock*, 384 U.S. at 827-28 (emphasis added). Hughes cannot show that the state trial and appellate courts will not be able to vindicate his rights. For these reasons, removal is not proper under § 1443(1).

Nor does Hughes' criminal action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance

3

of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), the Supreme Court has noted that "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Hughes is neither a federal officer or a person assisting a federal officer in the performance of his duties nor a state officer, neither clause of § 1443(2) applies.

## III.

Because removal is not authorized under § 1443, this Court is without jurisdiction to entertain Hughes' criminal action at this time.[1] By separate Order, the Court will dismiss Hughes' action and summarily remand the matter to state court pursuant to 28 U.S.C. § 1446(c)(4).[2]

Date:


cc:    Petitioner/Defendant
        Clerk, Jefferson District Court (10-F-008901)
        Jefferson County Attorney
4411.005

---

[1] As guidance, the Court advises that should Hughes believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies (on direct appeal and by way of any post-conviction collateral attacks, such as an RCr 11.42 motion, for instance) and then file a federal habeas petition under 28 U.S.C. § 2254.

[2] Under § 1446(c)(4), "[i]f it clearly appears on the face of the notice [of removal] and any exhibits . . . that removal should not be permitted, the court shall make an order for summary remand."